IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:09-CR-00132-BR |
| | (3:13-CV-01409-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **SOREN DAVIS KORZYBSKI,** | |
| Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**FREDRIC N. WEINHOUSE**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**SOREN DAVIS KORZYBSKI**
71621-065
Oxford Federal Correctional Institution
P.O. BOX 1000
Oxford, WI 53952

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#130) to Vacate Conviction under Title 28 of the United States Code Section 2255.  For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On March 20, 2009, Defendant Soren Davis Korzybski entered the Bank of the West in Aloha, Oregon; approached the window of teller Sheetal Sanjana; and said "twenties, fifties, and one hundreds."  Trial Tr. at 304.  Sanajana said "I'm sorry?"  Defendant said more loudly:  "[T]wenties, fifties, and one hundreds, right now."  *Id*.  Sanjana took the money out of her drawer and put it on the counter.  Defendant said:  "Don't you have a second drawer?"  Trial Tr. at 304.  Sanjana responded that she only had one drawer.  Defendant then took the money and "rushed out of the branch."  *Id*.

On March 30, 2009, Agent Matthew Furnia met with Sanjana and conducted a photographic lineup consisting of six photographs of white males with short hair or shaved heads that included Defendant.  Sanjana was not able to identify any of the six individuals as the bank robber.

On April 7, 2009, Defendant was charged in an Indictment with one count of Conspiracy to Commit Bank Robbery in violation

2 - OPINION AND ORDER

of 18 U.S.C. §§ 371 and 2113(a) and one count of Bank Robbery in violation of 18 U.S.C. § 371.  Also on April 7, 2009, Magistrate Judge John V. Acosta conducted a detention hearing and ordered Defendant to be detained as a flight risk and a danger to the community pending trial.

On August 14, 2009, Defendant filed a Motion for Release from Custody Pending Trial.

On August 17, 2009, the Court held a hearing on Defendant's Motion for Release from Custody.  Sanjana received notice of the hearing pursuant to 18 U.S.C. § 3771 because she was a crime victim.  Sanjana exercised her right to be present at the hearing, saw Defendant from behind and from the side at one point during the hearing, and was not sure at that time whether Defendant was the individual who had robbed the bank.

On August 17, 2009, the Court denied Defendant's Motion for Release.

On June 26 through July 2, 2010, the Court held a jury trial.  On July 2, 2010, the government dismissed the count of Conspiracy to Commit Bank Robbery and proceeded against Defendant only as to the count of Bank Robbery.

At trial Sanjana identified Defendant as the bank robber: "That is the bank robber . . . .  I am sure."  Trial Tr. at 323.  After Defendant counted from one to ten, Sanjana again testified Defendant was the bank robber.

3 - OPINION AND ORDER

On cross-examination defense counsel pointed out numerous discrepancies between Sanjana's trial testimony identifying Defendant as the bank robber and her previous statements; for example: (1) her 911 call to the police, (2) her initial description to the deputy sheriff, (3) her description to the FBI agent, (4) her examination of the photographic line up, (5) her statement immediately following Defendant's release hearing, (6) her later statement about Defendant's release hearing, (7) her statement to the defense investigator, (8) the bank form that she filled out with the description, and (9) her meeting with the prosecutors on the Sunday before Defendant's trial.

On July 2, 2010, the jury entered a Verdict finding Defendant guilty on the one count of Bank Robbery.

On December 3, 2010, the Court sentenced Defendant to 132 months imprisonment and three years of supervised release.

On December 7, 2010, Defendant appealed his conviction to the Ninth Circuit Court of Appeals.

On October 18, 2012, the Ninth Circuit affirmed Defendant's conviction and concluded, among other things, that this Court did not err when it found Defendant's prior conviction for residential burglary in violation of Washington Revised Code § 9A.52.025(1) "qualified him as a career offender under U.S.S.G. § 4B1.1(a)(3)." *United States v. Korzybski,* 474 F. App'x 717, 719 (9th Cir. 2012). Specifically, the Ninth Circuit noted:

4 - OPINION AND ORDER

> Under the modified categorical approach, the
> documents submitted by the government establish
> that Korzybski's conviction for residential
> burglary was for the burglary of a "structure
> designed for occupancy that is intended for use in
> one place." *United States v. Grisel*, 488 F.3d
> 844, 848 (9th Cir. 2007)(*en banc*).

*Id*.

On August 12, 2012, Defendant filed a Motion to Vacate Conviction under Title 28 of the United States Code Section 2255. The Court took Defendant's Motion under advisement on October 16, 2013.

## **STANDARDS**

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right
> to be released upon the ground that the sentence
> was imposed in violation of the Constitution or
> laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or
> that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.
>
> \* \* \*
>
> If the court finds that the judgment was rendered
> without jurisdiction, or that the sentence imposed
> was not authorized by law or otherwise open to
> collateral attack, or that there has been such a
> denial or infringement of the constitutional
> rights of the prisoner as to render the judgment
> vulnerable to collateral attack, the court shall
> vacate and set the judgment aside and shall
> discharge the prisoner or resentence him or grant
> a new trial or correct the sentence as may appear

appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## DISCUSSION

Defendant moves to vacate or to set aside his sentence on the grounds that (1) his trial counsel was ineffective because he did not object to the "bail-hearing encounter" between Sanjana and Defendant nor move to suppress Sanjana's eyewitness identification of Defendant as the bank robber and (2) he was improperly sentenced as a career offender in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

**II. Defendant's trial counsel was not ineffective**.

As noted, Defendant contends his trial counsel was ineffective based on Sanjana's attendance at the bail hearing.

**A.   Standards**

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Strickland v. Washington*, 466

6 - OPINION AND ORDER

U.S. 668, 678, 687 (1984).  Under this test a defendant bears the burden to prove both that counsel's assistance was deficient and that the deficient performance prejudiced the defense.  *Id*.  *See also Schurz v. Ryan*, 730 F.3d 812, 815 (9th Cir. 2013); *Sully v. Ayers,* 725 F.3d 1057, 1068 (9th Cir. 2013); *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992).

To prove deficiency of performance, the defendant must show counsel made errors so serious that his "representation fell below an objective standard of reasonableness" under prevailing professional norms.  *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011)(citing *Strickland*, 466 U.S. at 687-88).  *See also Mak*, 970 F.2d at 618.  The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance.  *Strickland*, 466 U.S. at 688.  *See also Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012) (same).

> In assessing whether counsel's performance was deficient, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and make every effort "to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Hibbler*, 693 F.3d at 1149 (quoting *Strickland*, 466 U.S. at 689).

"To satisfy the prejudice prong under *Strickland*, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

7 - OPINION AND ORDER

would have been different.'"  *Saesee v. McDonald,* 725 F.3d 1045, 1048 (9th Cir. 2013)(quoting *Strickland*, 466 U.S. at 694).  "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Id.* (quoting *Strickland*, 466 U.S. at 695).

The court "'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant.'"  Singh v. Knipp, 518 F. App'x 524, 525 (9th Cir. 2013)(quoting *Strickland*, 466 U.S. at 697).  "'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.'"  *Saesee*, 725 F.3d at 1048 (quoting *Strickland*, 466 U.S. at 697).

**B.   Analysis**

As noted, Defendant asserts his trial counsel was ineffective because he did not object to the "bail-hearing encounter" between Sanjana and Defendant and did not move to suppress Sanjana's eyewitness identification of Defendant as the bank robber.

The government points out that the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(a)(3), provides crime victims such as Sanjana the right "not to be excluded from any . . . public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim

8 - OPINION AND ORDER

would be materially altered if the victim heard other testimony at that proceeding." The Ninth Circuit has held "a district court must find by clear and convincing evidence that it is *highly likely*, not merely *possible*, that the victim-witness will alter his or her testimony." *In re Mikhel,* 453 F.3d 1137, 1139 (9th Cir. 2006)(emphasis in original).

Defendant does not point to any evidence that suggests it was highly likely that Sanjana would alter her testimony as a result of her attendance at the bail hearing nor that trial counsel's failure to move to exclude Sanjana from the bail hearing or to move to exclude her from testifying at trial fell below an objective standard of reasonableness.

In addition, trial counsel Robert Reid explains his decision not to move to exclude Sanjana from either the bail hearing or to exclude her testimony at trial as follows:

> [W]itness Sanjana originally described the robber as someone very different from [Defendant] in both height and weight. She also failed to identify [Defendant] in the photo lineup, saying that the robber was not depicted in the photographic array. She attended the bail hearing (at which [Defendant] was represented by his first attorney): there was no indication in the original discovery that she identified him then. In counsel's experience, the FBI would have written a report if there had been even the slightest indication of positive identification of the defendant at the hearing. A late-received report showed that in April of 2010 (approximately two months prior to trial), the FBI reported that Ms. Sanjana, after viewing [Defendant] at the bail hearing, stated in three different ways that she could not identify him as the bank robber. Nor

9 - OPINION AND ORDER

> did she note any similarities between [Defendant] and the robber. She denied having, at that hearing, a full view of [Defendant], saying she saw him only from behind. At trial, the FBI was also crossexamined about the event; the agent confirmed that Ms. Sanjana did not identify [Defendant] after the bail hearing.
>
> In short, Ms. Sanjana, the only witness who closely faced and interacted with the robber, could neither accurately describe [Defendant] nor identify his photograph; she in fact described someone physically quite different from [Defendant]. In defense counsel's view, moving to exclude such a witness, or evidence of her non-identification, would be a foolish maneuver. What better evidence of actual innocence could there be than the fact that the victim teller herself could not and did not identify [Defendant] as the robber, even when seeing him at the bail hearing?

Aff. of Robert Reid at ¶¶ 2-3. Reid also points out in his Affidavit that he, in fact, ultimately moved to exclude evidence of Sanjana's in-court identification of Defendant as the robber at trial. Finally, the government notes Reid impeached Sanjana's testimony in which she identified Defendant as the robber by pointing out the numerous times that Sanjana insisted she could not identify the robber or Defendant.

On this record the Court concludes Defendant has not established trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Moreover, the Court concludes Defendant's trial counsel's assistance was reasonable considering all of the circumstances at the time of his assistance.

Accordingly, the Court declines to grant Defendant's Motion to Vacate Conviction on the ground of ineffective assistance of counsel.

## II. Defendant was correctly sentenced as a career offender.

Defendant also moves to vacate his conviction on the ground that he was improperly sentenced as a career offender in light of *Descamps*. The government, however, asserts *Descamps* does not support Defendant's argument and that the Court properly concluded Defendant's conviction for burglary under Washington Revised Code § 9A.52.030(1) was a crime of violence for purposes of the Armed Career Criminal Act.

### A. Standards

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), increases the sentences of certain federal defendants who have three prior convictions "for a violent felon[ies]," which include "burglary, arson, or extortion."

> To determine whether a past conviction qualifies as an aggravated felony, courts use either the categorical or modified categorical approach. *Duenas-Alvarez v. Holder*, 733 F.3d 812, 814 (9th Cir. 2013). The categorical approach requires the Court to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime— *i.e.*, the offense as commonly understood." *Descamps v. United States*, --- U.S. ----, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013). "Under this approach we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony."

11 - OPINION AND ORDER

>*Moncrieffe v. Holder*, --- U.S. ----, 133 S. Ct. 1678, 1684, 185 L. Ed. 2d 727 (2013)(quotations omitted).
>
>A variant of this method, the modified categorical approach, is applied "when a prior conviction is for violating a so-called 'divisible statute.'" *Descamps*, 133 S. Ct. at 2281. A divisible statute is one that
>
>>sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits . . . courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.
>
>*Id.*

*Murillo-Prado v. Holder*, No. 09-72034, 2013 WL 6084401, at *2 (9th Cir. Nov. 20, 2013).

    **B.   Analysis**

Defendant contends his conviction for burglary under Washington Revised Code § 9A.52.030(1) should not have been considered a crime of violence for purposes of the ACCA, and, therefore, Defendant should not have been sentenced as a career criminal.

In *United States v. Brooks* the Ninth Circuit concluded

the defendant's conviction for second-degree burglary under Washington Revised Code § 9A.52.030(1) qualified as a predicate offense for purposes of the ACCA.  No. 12-30002, 2013 WL 3186577, at *2 (9th Cir. June 25, 2013).  The court noted a conviction under § 9A.52.030(1) "is not categorically an ACCA predicate offense because the definition of 'building' under Washington law contains alternatives that are not included in the generic definition of burglary under federal law."  Id. (citing United States v. Wenner, 351 F.3d 969, 972-73 (9th Cir. 2003)).  The court, however, found the district court did not err when it looked to the defendant's "Shepard documents, his amended information and plea agreement" and found they "indicate[d] . . . [the defendant] pleaded guilty to 'enter[ing] or remain[ing] unlawfully in a building located at 115 Orchard Ave. So., Eatonville, known as the residence of G[ ] K[ ].'"  Id.  The district court concluded the documents it examined "describe[d] the burglary of a 'building' as the term is defined generically"; the defendant's "conviction necessarily rested on the building's description because the State was required to prove that [the defendant] entered or remained in something that matched at least one definition of 'building' in the statute"; and "[b]ecause the statute provided a finite list of definitions, the district court could determine which statutory phrase was the basis for the conviction."  Id. (quotations omitted).  Accordingly, the Ninth

13 - OPINION AND ORDER

Circuit concluded the district court did not err when it concluded the defendant "was an armed career criminal and enhanc[ed] his sentence under the ACCA."  *Id*.

The defendant in *Brooks* also asserted his burglary "was not a 'crime of violence' under the United States Sentencing Guideline § 4B1.2."  The Ninth Circuit rejected the defendant's argument:

> [T]he terms "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), and "crime of violence" in Guidelines section 4B1.2[ ] are interpreted according to the same precedent.  The district court does not appear to have relied on § 4B1.2 in sentencing [the defendant].  To the extent it did, the district court did not err because the same modified categorical analysis applies.

*Id*., at *2 n.1.

As noted, here the Ninth Circuit affirmed Defendant's conviction and concluded this Court did not err when it found Defendant's prior conviction for residential burglary in violation of Washington Revised Code § 9A.52.025(1) "qualified him as a career offender under U.S.S.G. § 4B1.1(a)(3)."  *Korzybski*, 474 F. App'x at 719.  Specifically, the Ninth Circuit noted:

> Under the modified categorical approach, the documents submitted by the government establish that Korzybski's conviction for residential burglary was for the burglary of a "structure designed for occupancy that is intended for use in one place."  *United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007)(*en banc*).

*Id*.  In addition, to the extent that Defendant contends the

14 - OPINION AND ORDER

analysis would differ based on whether his conviction for residential burglary qualified as a violent felony and/or crime of violence, "the same modified categorical analysis applies" to whether the conviction for burglary under § 9A.52.025(1) is a crime of violence under the Sentencing Guidelines.  *Brooks*, 2013 WL 3186577, at *2 n.1.

On this record the Court concludes Defendant has not established he was incorrectly sentenced as a career offender. Accordingly, the Court denies Defendant's Motion to Vacate Conviction.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#130) to Vacate Conviction under Title 28 of the United States Code Section 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 16th day of December, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER